

# Missouri Court of Appeals

## Southern District

### In Division

IN INTEREST OF W.J.J.W.,           )
GREENE COUNTY JUVENILE OFFICE,     )
                                   )
            Respondent,            )
                                   ) No. SD37933
      vs.                          )
                                   ) FILED: July 18, 2023
M.A.W.,                            )
                                   )
            Appellant.             )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

**REVERSED AND REMANDED WITH DIRECTIONS**

M.A.W. ("Mother") appeals the circuit court's judgment terminating the parental rights

of herself and M.P.W. ("Father") (Mother and Father are collectively referred to as "Parents")

over W.J.J.W ("Child"). Mother claims, and the Greene County Juvenile Office ("the Juvenile

Office") agrees, that adequate notice of the termination hearing was not provided to Mother.[1]

We reverse the judgment as to the termination of Mother's parental rights over Child and

remand.

---

[1] Father has filed a separate appeal of the termination of his parental rights. That termination is not an issue addressed by this opinion.

On April 1, 2022, the Juvenile Office filed a petition to terminate Parents' parental rights over Child. The record reflects that the Juvenile Office attempted to mail a letter and a legal application for the termination of parental rights action to Parents at 71592 State Highway WW, Springfield, Missouri 65803. The Juvenile Office also sent a letter to the Greene County Sheriff's Office stating that "[w]e have recently been informed that [Parents] have been living on a family members [sic] land with their truck/camper" and that the aforementioned address "is the only physical address we have received on their behalf and we are needing an attempt for service to them at this location."

On or about April 18, 2022, law enforcement effectuated service of process on Parents. As provided on the summons return, Parents' aforementioned address was struck through and another address—1659 W. State Highway WW, Springfield, MO 65803—was written in by hand.

On July 20, 2022, the circuit court set a termination hearing for August 15, 2022, at 8:30 a.m. The record contains a certificate of service filed by the Juvenile Office indicating that notice of the termination hearing was sent to Parents on July 21, 2022, by "Mail" (defined as "first-class mail, postage prepaid mailed to the last known address of the person"). Nowhere in the certificate, however, is there any indication as to the specific mailing address to which Parents' notice of the termination hearing was sent. Furthermore, nothing in the record suggests that notice of the termination hearing was conveyed to Parents at any other time or by any other means.

Parents failed to appear in person or by counsel at the scheduled termination hearing. The only witness at the hearing, Child's case manager, testified that his last contact with Parents occurred sometime in April of 2022, at which time they indicated they would be moving from

2

Brighton to Springfield. However, the case manager was never informed and was unaware of the specific mailing address at which Parents could be reached in Springfield. The record is devoid of any independent inquiry by the circuit court as to whether Parents actually received notice of the termination hearing.

On August 30, 2022, the circuit court terminated Parents' parental rights over Child. On February 24, 2023, Mother filed a notice of appeal in compliance with a special order issued by this Court allowing her to file that notice out of time.

In her sole point on appeal, Mother claims she was denied due process of law, in that she "was not given sufficient notice of the termination of parental rights trial[.]" Mother notes that, in addition to the "[n]ame of the person served[,]" the "[d]ate of service[,]" and the "[m]ethod of service[,]" the Juvenile Office's certificate of service failed to state the "[a]ddress of service, *such as mailing address*[,]" that is required by Rule 43.01(e)(emphasis added).[2]

The Juvenile Office agrees its certificate of service was deficient and concedes the circuit court's judgment should be set aside as "irregular" under ***Interest of B.K.B.***, 655 S.W.3d 16 (Mo.App. 2022).

"An irregular judgment is one achieved in a manner materially contrary to the law's established procedures for the orderly administration of justice." ***Id.*** at 23 (internal quotation marks omitted); *see also* Rule 74.06(b)(3) (stating a judgment may be set aside if it is "irregular"). In ***B.K.B.***, the Western District of this Court held as follows when presented with the following certificate of service defects:

> The circuit court did not itself give Mother notice of the October 21 evidentiary hearing. The court made no finding as to whether Mother received actual notice of the October 21 hearing by receipt of the Deputy Juvenile Officer's "Certificate of Notice," or whether that Certification was sent in a manner reasonably

[2] All rule references are to Missouri Court Rules (2022).

calculated to provide Mother with such notice.  The Certification of Notice does not provide an adequate record as to <u>how</u> notice was sent to Mother, or <u>where</u> such notice was sent.  Instead, it merely states that the Certification was sent "by Mail/Email/FAX" – leaving the circuit court to speculate as to how and where it was sent, and whether Mother received it.  Even if the Certification of Notice was dispatched to Mother by appropriate means, it provided <u>no</u> information concerning the nature of the hearing scheduled for October 21.  To the extent that reasonable efforts were not made to notify Mother of the October 21 trial setting, that lack of notice would independently constitute grounds to find the termination judgment irregular.

655 S.W.3d at 24 n.1.

While not all of the certificate of service defects presented in **B.K.B.** are present in the instant case, the Juvenile Office nevertheless concedes that it, "albeit unintentionally, did not make reasonable efforts to assure that [Mother] actually received notice of the date and time of the termination of parental rights hearing in this action."  We agree.

Mother's sole point is granted.  The judgment terminating Mother's parental rights over Child is reversed and the cause remanded for further proceedings consistent with this opinion.


BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. –  CONCURS

JENNIFER R. GROWCOCK, J. –  CONCURS